UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR AREVALO, | Case No. 2:22-cv-00774-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| J. PALACIOUS, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings this 42 U.S.C. § 1983 action asserting Eighth Amendment claims of failure to protect and medical indifference against defendants J. Palacious, K. Jackson, J. Robinson, T. Gorman, D. Earls, M. Barrios, C. Eze, and J. Lynch. ECF No. 11. As explained below, none of his allegations are sufficient to proceed to service. Plaintiff will be given the opportunity to amend, should he so choose.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Plaintiff's Allegations**

At all times relevant to this action, plaintiff was housed at California State Prison, Sacramento ("CSP-Sac"). Plaintiff alleges that correctional officers Gorman, Barrios, and Eze failed in their duties to monitor the dayroom on February 22, 2022, when plaintiff was attacked by three inmates at approximately 7:20 p.m. ECF No. 11 at 30-33. When the officers arrived, they found plaintiff bleeding from his chest and head, and complaining of pain and difficulty breathing. The officers alerted a "medical emergency response." *Id.* at 33. After the inmates were separated, plaintiff was taken to the rotunda where officers Palacios, Earl, and Robinson questioned him and took pictures of his injuries. Between 7:27 p.m. and 7:31 p.m., psych tech

Jackson evaluated plaintiff and made note of a puncture wound to the chest.  Plaintiff was then taken to the Treatment and Triage Area ("TTA") whereupon he was ordered transferred to an outside hospital.  Although it is not clear when plaintiff left the prison, an officer was assigned to transport him to the hospital at 8:00 p.m.  Plaintiff arrived at U.C. Davis Medical Center at 9:18 p.m. with a "penetrating wound of the heart" and underwent emergency surgery.

## Discussion

### A. Failure to Protect

Plaintiff accuses Gorman, Barrios, and Eze of failing to protect him from the assault by other inmates.  As pled, plaintiff does not state an Eighth Amendment failure to protect claim, which requires a showing that (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id.* at 837.  Plaintiff has not alleged that these defendants were aware of a sufficiently serious danger to plaintiff's health or safety when they were not present to monitor the dayroom.  At most, plaintiff's allegations suggest negligence, which is not actionable.  This claim is therefore subject to dismissal.

### B. Medical Indifference

Plaintiff next accuses Gorman, Barrios, and Eze, as well as Palacios, Earl, Robinson, and Jackson, of medical indifference for failing to send him to a hospital immediately.  Instead, and in the aftermath of the assault, they questioned plaintiff, took pictures of his injuries, and took him to the TTA.  According to plaintiff, these defendants "were well aware of plaintiff's life threatening injury(s)."  ECF No. 11 at 26.  He states that his injuries warranted emergency care that could not be provided at the TTA, and that the delay caused him to suffer greater pain than necessary.

To allege a claim of medical indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need.  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the

3

'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Once again, plaintiff fails to state a viable claim. For one, the delay was marginal. Plaintiff alleges that he was found at 7:20 p.m., psych tech Jackson conducted a medical evaluation between 7:27 p.m. and 7:31 p.m., and an officer was assigned to transfer plaintiff to the outside hospital at 8:00 p.m. In that time, plaintiff was removed from the dayroom; interviewed by Palacios, Earl, and Robinson; medically examined by Jackson; transferred to the TTA; medically examined again at the TTA; and, lastly, approved for an emergency transfer to the hospital. What plaintiff describes as a "delay" appears to be correctional staff investigating the assault and providing care until the severity of plaintiff's condition became known, at which point he was immediately transferred to a hospital.

Also problematic for plaintiff is that there are no facts upon which it can be inferred that defendants "were well aware" of the severity of plaintiff's condition. While plaintiff shows that these defendants saw a puncture wound on his chest, there is no showing that they knew this was a life-threatening injury requiring emergency treatment. In other words, it is not necessarily the case that a visible puncture wound in the chest area constitutes a life-threatening injury. Regardless, when psych tech Jackson noted the puncture wound to the chest, he had plaintiff transferred to the TTA, whereupon plaintiff was transferred to a hospital for emergency treatment. These facts do not suggest deliberate indifference.

4

Finally, plaintiff brings a claim against defendant Lynch, warden of CSP-Sac, for failing to implement a policy or to provide adequate medical staff to provide adequate medical care at the institution. Because I find that plaintiff has not alleged a constitutional violation, plaintiff's derivative claim against Lynch must also be dismissed.

**C.  Leave to Amend**

Plaintiff may file a second amended complaint. He is advised that the second amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the second amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The second amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

**Conclusion**

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file a second amended complaint. If he does not, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   August 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5